*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MWS OTTAWA, LLC,

    Plaintiff/Counterdefendant-Appellee,

v

PROTO-CAM, INC., and TENNINE CORP.,

    Defendants/Counterplaintiffs-
    Appellants.

UNPUBLISHED
July 14, 2026
1:25 PM

No. 370922
Kent Circuit Court
LC No. 23-008223-CB

Before: ACKERMAN, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Defendants Proto-Cam, Inc., and Tennine Corp. appeal by leave granted the trial court's order granting plaintiff MWS Ottawa, LLC, a limited license under MCL 600.2944 to enter defendants' property during construction. While this appeal was pending, this Court stayed the trial court's order, and plaintiff completed its construction project without using the license. Because the license was never used, no order of this Court can afford either party practical relief. Accordingly, we dismiss the appeal as moot.

## I. BACKGROUND

This dispute arises between the owners of adjoining properties in Grand Rapids. MWS owns the property at 975 Ottawa Avenue NW. Tennine owns the adjoining property to the north, and Proto-Cam occupies that property, where it operates a manufacturing facility. Between the two properties lies Walbridge Street, a platted 66-foot-wide street that was vacated and divided between the abutting owners by order of the Kent Circuit Court in 1990. MWS's parcel took the southern half of vacated Walbridge, while defendants' parcel took the northern half. Defendants were later granted an exclusive easement over a portion of the southern half of vacated Walbridge.

MWS purchased 975 Ottawa in 2023 and undertook a multimillion-dollar renovation to convert the structure into a mixed-use entertainment venue containing a restaurant, an event center, and five indoor bocce courts. MWS sought permission to use defendants' easement on vacated Walbridge to unload construction materials directly into the northwest corner of 975 Ottawa through an opening in the building's north wall, but defendants refused MWS's request.

MWS then commenced this action seeking, among other things, a limited license under MCL 600.2944 to enter defendants' easement on the southern half of vacated Walbridge during construction. MWS later moved for summary disposition under MCR 2.116(C)(10) regarding that claim, and defendants filed a cross-motion for summary disposition under the same rule. The trial court determined that it could not resolve the issue on the documentary record and therefore scheduled the matter for an evidentiary hearing.

Following the evidentiary hearing, the trial court issued an opinion and order concluding that MWS's improvements could not reasonably be made without entering defendants' easement, and a limited license was appropriate under the circumstances. The trial court therefore granted MWS a limited license to enter defendants' portion of vacated Walbridge.

Defendants then filed in this Court an application for leave to appeal the trial court's order, and this Court granted leave.[1] Defendants also successfully sought a stay of the trial court's order while this appeal was pending.[2] MWS accordingly did not use the license. Instead, MWS completed the construction at issue using an alternative access route without entering defendants' portion of vacated Walbridge. The renovation has now been completed, and the limited license granted by the trial court was never used.

## II. DISCUSSION

On appeal, defendants contend that the trial court erred in its interpretation and application of MCL 600.2944. Because we conclude that the issue is moot, we cannot render a decision on the merits.[3]

"This Court's duty is to consider and decide actual cases and controversies," and we "generally do not address moot questions or declare legal principles that have no practical effect in a case." *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014)

---

[1] *MWS Ottawa, LLC v Proto-Cam, Inc*, unpublished order of the Court of Appeals, entered June 26, 2024 (Docket No. 370922).

[2] *MWS Ottawa, LLC v Proto-Cam, Inc*, unpublished order of the Court of Appeals, entered July 1, 2024 (Docket No. 370922).

[3] We recognize that defendants earlier moved for expedited consideration of this case so that it would not become moot. Plaintiff twice thereafter moved to dismiss the appeal, arguing that it was moot. This Court denied all these motions. See *MWS Ottawa, LLC v Proto-Cam, Inc*, unpublished order of the Court of Appeals, entered November 19, 2024 (Docket No. 370922); *MWS Ottawa, LLC v Proto-Cam, Inc*, unpublished order of the Court of Appeals, entered December 18, 2024 (Docket No. 370922); *MWS Ottawa, LLC v Proto-Cam, Inc*, unpublished order of the Court of Appeals, entered March 28, 2024 (Docket No. 370922). But these prior orders have no preclusive effect. See, e.g., *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000) (explaining that the law-of-the-case doctrine does not apply when an appellate court "expressed no opinion on the merits"); *Reynolds v Bureau of State Lottery*, 240 Mich App 84, 104; 610 NW2d 597 (2000) (denying res judicata effect to an order denying a motion to dismiss made without any reasoning provided).

(quotation marks and citation omitted). "An issue is moot if an event has occurred that renders it impossible for a court to grant relief" or when "a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Id*. (quotation marks and citation omitted). Whether a case is moot is a threshold question of law that we review de novo. *Adams v Parole Bd*, 340 Mich App 251, 259; 985 NW2d 881 (2022).

In this case, after the trial court granted the limited license to MWS, defendants obtained a stay of that order pending appeal, and MWS completed the construction without using the license or entering defendants' easement on vacated Walbridge. Because the license was never used and the underlying construction project is finished, no decision by this Court could have any practical legal effect on defendants' easement or on MWS's construction project. There is, in short, no license left to use, no ongoing entry to enjoin or permit, and no relief left for this Court to grant either party. The appeal is therefore moot.

There are numerous exceptions to the mootness doctrine under which this Court may nonetheless review a moot issue. Relevant here, a moot issue may be reviewed if it "(1) is of public significance, (2) is likely to recur, and (3) may evade judicial review." *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). We conclude that this exception does not apply here.

This Court has most often applied the public-significance exception in cases presenting an inherent timing problem—that is, where the challenged action is, by its nature, generally too short-lived to survive appellate review. Examples include election-related disputes, see *Barrow*, 305 Mich App at 660; probation or parole conditions of a duration shorter than the ordinary pace of an appeal, see *People v Vanderpool*, 505 Mich 391, 397 n 1; 952 NW2d 414 (2020); and emergency orders rescinded before appellate review could run its course, see *Flynn v Ottawa Co Dep't of Pub Health*, 344 Mich App 709, 717; 1 NW3d 853 (2022). In each of those circumstances, the passage of time before a normal appeal could be completed would, by itself, tend to defeat review altogether, regardless of what any particular litigant did.

This dispute is different. A dispute over a limited license for construction access under MCL 600.2944 is not inherently incapable of appellate review, and construction projects are not generally so short-lived that appellate review of a license authorizing entry during construction will be unavailable. Indeed, this case demonstrates as much: after the trial court granted MWS a limited license, defendants sought and obtained a stay of that order pending appeal, and the case then proceeded through the appellate process. The trial court's order was not, in other words, incapable of appellate review; the parties in fact obtained that review until this appeal became moot on grounds unrelated to any timing problem inherent in the circumstances.

That the case nonetheless became moot after the stay was granted cuts against, rather than in favor of, applying the exception. The appeal did not become moot because the license was inherently short-lived or because the challenged order expired before this Court could act. Instead, it became moot because of a case-specific factual development: MWS completed its project without using the limited license. Mootness that arises from that kind of case-specific development, rather than from some structural feature of the underlying dispute that generally defeats review, does not show that a "publicly significant alleged wrong will recur yet escape judicial review." *Gleason*, 323 Mich App at 315.

Nor are we persuaded that this record presents the kind of public significance that would warrant reaching the merits despite mootness. This is a private dispute between adjoining landowners involving particular parties, a particular construction project, and a particular limited license. It does not involve government action, an ongoing public policy, or a practice likely to recur between these parties. There is no ongoing license or continuing use of defendants' property to review and therefore no practical relief left for this Court to grant. On this record, the private and case-specific nature of the dispute does not satisfy the public-significance element of the exception.

Because a decision of this Court could not have a practical legal effect on the existing controversy and no exception to the mootness doctrine applies, we dismiss this appeal as moot.

/s/ Matthew S. Ackerman
/s/ Anica Letica
/s/ Kathleen A. Feeney